# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARILYN WILLIAMS-GOODE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-546-JAR |
| ) | |
| ALLEN J. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a "Notice of Removal" filed by state court Plaintiff Marilyn Williams-Goode. ECF No. 1. Plaintiff removed her child-custody-modification case from state family court where she filed it, to this federal court. Because this Court lacks subject matter jurisdiction over the matter, the case will be remanded back to state court.

### Notice of Removal and Other Filings

Plaintiff initiated this action by filing her notice of removal on April 15, 2024. ECF No. 1. Plaintiff's notice seeks removal of state court case "No. 22SL-DR02947-02." *Id.* at 1-2. Although the federal removal statute requires the filing of a copy of all state court pleadings with the notice of removal, *see* 28 U.S.C. § 1446(a), Plaintiff failed to file any documents from her state court case. Based on the Court's independent review of Plaintiff's case on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff's state court case requests modification of a child custody and support order from 2022. *See Williams v. Williams*, No. 22SL-DR02947-02 (21st Jud. Cir., St. Louis County). The named respondent in the matter, Allen J. Williams, is

Plaintiff's ex-husband. The parties appear to share two children, who were provided for in the child support order which Plaintiff seeks to modify.[1]

Plaintiff's notice of removal fails to contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Plaintiff's notice only asks the Court to "accept [her] notice of removal" and states that the basis of federal jurisdiction is diversity jurisdiction. ECF No. 1 at 1-2. The civil cover sheet, filed with the notice of removal, also states that the basis of jurisdiction is "diversity of citizenship" under 28 U.S.C. § 1332, while simultaneously listing the citizenship for both parties as "citizens of this state." ECF No. 1-1.

Along with the notice of removal, Plaintiff filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. A few weeks later, Plaintiff also filed three supplemental memorandums with the Court. ECF Nos. 4-6. In the first supplemental, Plaintiff asks for a court order for monetary compensation from the "Office of Personnel Management." ECF No. 4. In the second supplemental, Plaintiff refers the Court to sections of the United States Code on Civil Service and Federal Employees' Retirement benefits and explains that "model language" should be used "in preparing court orders." ECF No. 5. Finally, in the third supplemental, Plaintiff requests permission to provide over 300 pages of exhibits and explains that "[t]his case was removed to this court due to a modification needs to be granted. All previous modification was denied." ECF No. 6.

---

[1] The Court notes that there is no indication that Plaintiff provided the state court with notice of her removal, as required under statute 28 U.S.C. § 1446(d). Plaintiff did not file anything in this federal matter, indicating that she notified the clerk of the state court of the removal. Nor is there an indication on the docket sheet for the state court case that the state court received notification. *See Williams v. Williams*, No. 22SL-DR02947-02 (21st Jud. Cir., St. Louis County). In fact, the state court docket sheet shows that the state court case has proceeded since this case was initiated on April 15th. For example, on April 29, 2024, the state court issued a letter informing Plaintiff that her motion to modify "fails to state a claim upon which relief can be granted" and gives Plaintiff twenty-one (21) days to file an amended motion. On May 7, 2024, Plaintiff filed an amended motion with the state court. On May 30, 2024, the state court issued a summons to respondent Allen Williams, who was served on June 10, 2024. Respondent Williams filed a response with the Court on June 12, 2024.

**Legal Standards**

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the action must arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met. *Id.*; *see also Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party seeking removal bears the burden of establishing federal jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Doubts concerning federal jurisdiction should be resolved in favor of remand. *Id.*

Furthermore the Court has an obligation to determine whether it has subject matter jurisdiction over an action, and remand if it does not. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.")

**Discussion**

In this case, removal is improper because the Court lacks subject matter jurisdiction over this matter. Plaintiff's notice of removal states that the basis for federal jurisdiction is diversity jurisdiction. ECF No. 1 at 2. However, Plaintiff's civil cover sheet acknowledges that the parties are not diverse – they are both citizens of Missouri. ECF No. 1-1. Furthermore, this action is not

removable of the basis of diversity because the defendant is a citizen of Missouri, where the action was brought. *See* 28 U.S.C. § 1441(b)(2) (actions removable solely on the basis of diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In addition, based on the state court filings, Plaintiff's claims are based solely upon state law and raise no federal questions. Therefore, there is no basis for federal question jurisdiction here.

Because diversity jurisdiction is lacking and no other basis appears on the face of the pleadings from which this Court's subject matter jurisdiction may be invoked, this action will be remanded to the 21st Judicial Circuit Court, St. Louis County, Missouri, Family Court Division.[2] 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the 21st Judicial Circuit Court, St. Louis County, Missouri, from which it was removed, based on a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). A separate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a certified copy of this order to the St. Louis County Circuit Court, with reference to *Marilyn M Williams v. Allen J Williams*, No. 22SL-DR02947-02 (21st Jud. Cir., St. Louis County).

**IT IS FINALLY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

---

[2] In addition, the Court acknowledges the procedural defect of plaintiff removing this action when the removal statute only allows for removal by a defendant. *See Chicago, R.I. & P.R. Co. v. Stude*, 204 F.2d 116 (8th Cir. 1953), *aff'd*, 346 U.S. 574 (1954) (stating that under the removal statute, 28 U.S.C. § 1441(a), only a defendant (and not a plaintiff) has the right to remove a proceeding from state court to federal court) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). However, since it has been more than thirty (30) days since removal, the Court will not remand on this procedural defect.

Dated this 28th day of June, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE